E-FILED
Wednesday, 29 March, 2023  01:43:04 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SECURA Insurance Company, f/k/a SECURA INSURANCE, a Mutual Company, a Wisconsin insurance company,     Petitioner, | ) ) ) ) ) | |
| vs. | ) ) | No. 3:23-CV-03024-CRL-KLM |
| CHATHAM TUMBLING & TRAMPOLINE, INC., JENNIFER McNEW, and POWERWORKS FITNESS, LLC     Respondents, | ) ) ) ) ) ) | Judge Colleen R. Lawless |
| and | ) ) | |
| DENISE MINNIS, as Guardian of ALANNA BADER, a disabled person     Necessary Party. | ) ) ) ) | |

### FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT

NOW COMES the Petitioner, SECURA Insurance Company, f/k/a SECURA INSURANCE, a Mutual Company ("SECURA"), by its undersigned attorneys, and for its First Amended Petition for Declaratory Judgment regarding an insurance policy issued to CHATHAM TUMBLING & TRAMPOLINE, INC. ("CHATHAM"), states as follows:

### NATURE OF THIS PROCEEDING

1.      This is a diversity action pursuant to 28 U.S.C. § 1332. In Count I, SECURA seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 confirming that the grant of commercial general liability coverage in an insurance policy issued by SECURA does not provide any coverage to CHATHAM, JENNIFER McNEW and/or POWERWORKS FITNESS LLC

1

(hereinafter referred to collectively as "the INSUREDS") for the claims asserted against them in a bodily injury lawsuit filed by DENISE MINNIS.

## PARTIES, JURISDICTION AND VENUE

2.     Effective January 1, 2021, SECURA INSURANCE, A Mutual Company changed its name to SECURA Insurance Company ("SECURA"). SECURA is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Winnebago County, Wisconsin. SECURA is authorized and licensed to issue policies of insurance in the State of Illinois.

3.     CHATHAM was a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1 Cottonwood Drive, Chatham, Sangamon County, Illinois. At this location, CHATHAM operated a sports facility that focuses on gymnastics and tumbling activities. Based on information reflected in the Illinois Secretary of State website, the CHATHAM entity was involuntarily dissolved in February 2020.

4.     JENNIFER McNEW is a citizen of Illinois with a permanent residence at 365 E. Washington Street, Auburn, Sangamon County, Illinois. On August 8, 2015, JENNIFER McNEW was working as a gymnastics coach at the CHATHAM facility.

5.     POWERWORKS FITNESS LLC is a limited liability corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 351 Williams Lane, Chatham, Sangamon County, Illinois. POWERWORKS FITNESS LLC is the owner of the property and facility at 1 Cottonwood Drive, Chatham, Sangamon County, Illinois.

6.     Based on information reflected in the Illinois Secretary of State website, the POWERWORKS FITNESS LLC entity exists of only one member, J. Bryan Taylor, who is

2

himself an Illinois citizen with a permanent residence at 1300 Hickory Road, Athens, Menard County, Illinois.

7.      DENISE MINNIS is the Guardian of ALANNA BADER, a disabled person. Both DENISE MINNIS and ALANNA BADER are citizens of Illinois with permanent residence in Sangamon County, Illinois.

8.      DENISE MINNIS, as the Guardian of ALANNA BADER, filed a Complaint against the INSUREDS pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, Case No. 2022 LA 000119 ("the Minnis/Bader Lawsuit") relating to bodily injuries that ALANNA BADER suffered while she was a student athlete at CHATHAM's gymnastics facility. DENISE MINNIS is a necessary party to the declaratory judgments requested by SECURA below because she has a tangible interest in the outcome of those declaratory judgments, and should be bound to this District Court's declaratory judgment rulings.

9.      There is complete diversity of citizenship among all parties and the amount in controversy in this case exceeds $75,000.00, thus original jurisdiction in this District Court is proper pursuant to 28 U.S.C. § 1332.

10.      This District Court further has jurisdiction over the declaratory judgments requested below pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between SECURA and the INSUREDS.

11.      The currently pending Minnis/Bader Lawsuit does not involve any of the insurance coverage declaratory judgment issues that are involved in this lawsuit between SECURA and the INSUREDS.

12.      Venue in this District Court is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because: (1) the residence of each of the INSUREDS, as well as the residence of DENISE

MINNIS, is within the jurisdiction of this District Court; and (2) a substantial part of the events giving rise to this action occurred within the jurisdiction of this District Court, including the fact that SECURA's Policy was issued to CHATHAM within the jurisdiction of this District Court.

13.    SECURA's policies were issued to CHATHAM within the jurisdiction of this District Court.

14.    The insurance coverage issues involved in this action are governed by Illinois law. Illinois has the most interests in the resolution of the coverage declaratory judgment issues presented herein.

## FACTS REGARDING THE CLAIMS AT ISSUE
## IN THE MINNIS/BADER LAWSUIT

15.    A true and accurate copy of the Complaint filed in the Minnis/Bader Lawsuit on June 30, 2022 is attached hereto as **Exhibit A**.

16.    In that Complaint, DENISE MINNIS alleges that ALANNA BADER was injured on August 8, 2015 while she was student athlete participating in gymnastics and/or tumbling practice at Chatham's facility located at 1 Cottonwood Drive, Chatham, IL. (Exhibit A, ¶¶4,8).

17.    In that Complaint, DENISE MINNIS alleges that JENNIFER MCNEW was an agent or employee of CHATHAM acting as a supervisor or coach of ALANNA BADER and other student athletes. (Exhibit A, ¶6, 9, 11)

18.    In that Complaint, DENISE MINNIS alleges that ALANNA BADER "performed a double back tuck off of a double mini trampoline" and was injured during this maneuver when she landed upside down. (Exhibit A, ¶10-12, 17.d.).

19.    In that Complaint, DENISE MINNIS alleges that ALANNA BADER suffered a traumatic brain injury and incomplete paraplegia from the August 8, 2015 accident. (Exhibit A, ¶18).

20.    In Counts I and II of that Complaint, DENISE MINNIS, on behalf of ALANNA BADER, asserts two negligence causes of action against CHATHAM, alleging that CHATHAM negligently caused ALANNA BADER's injuries, either through *respondeat superior* liability for the actions of Coach JENNIFER MCNEW and/or through CHATHAM's own actions. (Exhibit A, ¶17, Count I and ¶17, Count II).

21.    In Count III of that Complaint, DENISE MINNIS, on behalf of ALANNA BADER, asserts a premises liability cause of action against POWERWORKS FITNESS, LLC, as the owner of the building. (Exhibit A, Count III).

22.    In Count IV that Complaint, DENISE MINNIS, on behalf of ALANNA BADER, asserts a negligence cause of action against JENNIFER McNEW, alleging that her negligence caused ALANNA BADER's injuries. (Exhibit A, ¶16, Count IV).

23.    All of the alleged actions and omissions referenced in the Complaint relate to the usage of the double-mini trampoline, and the safety equipment surrounding that trampoline, during a gymnastic practice. (Exhibit A).

24.    A true and accurate copy of the Amended Complaint filed in the <u>Minnis/Bader</u> Lawsuit on February 6, 2023 is attached hereto as **Exhibit B**.

25.    In that Amended Complaint, DENISE MINNIS alleges that ALANNA BADER "performed a double back tuck" and was injured during this maneuver when she landed upside down. (Exhibit B, ¶10-12, 17). These allegations no longer reference the double mini trampoline and are silent on the type of equipment used at the moment of the accident.

26.    In that Amended Complaint, DENISE MINNIS references the type of equipment used at the moment of the accident as "the routine surface area". (Exhibit B, Count I ¶17; Count II ¶17).

27.     All of the alleged actions and omissions referenced in the Amended Complaint still relate to the usage of the double-mini trampoline, and the safety equipment surrounding that trampoline, during a gymnastic practice. (Exhibit B).

### FACTS REGARDING INSURANCE POLICIES THAT SECURA ISSUED TO CHATHAM

28.     SECURA issued to CHATHAM as the Named Insured an insurance policy number CP 003240487 with a policy period beginning effective on July 1, 2015 through July 1, 2016 ("SECURA's Policy").

29.     A true and accurate copy of SECURA's Policy is attached hereto as **Exhibit C**.

30.     SECURA's Policy was in effect on August 8, 2015, the day of ALANNA BADER's gymnastics accident and injuries.

31.     SECURA's Policy provides a grant of commercial general liability coverage through the Commercial General Liability Coverage Form CG 00 01 10 01.

32.     To the extent that JENNIFER McNEW is an employee of CHATHAM, she may qualify for the status of an Insured under SECURA's Policy pursuant to Paragraph 2.a. of SECTION II – WHO IS AN INSURED in the Commercial General Liability Coverage Form CG 00 01 10 01.

33.     Pursuant to Paragraph H. in the General Liability Wrap endorsement form CGT 1000 1001, SECURA's Policy also provides additional insured coverage to the owner, manager or lessor of premises that are leased to CHATHAM, "but only with respect to liability arising out of the ownership, maintenance, or use of that part of the premises leased to [CHATHAM]". Pursuant to this Paragraph H, POWERWORKS FITNESS, LLC may qualify for the status of an additional insured under the SECURA Policy.

## COUNT I – DECLARATORY JUDGMENT
## NO COVERAGE DUE TO THE
## ATHLETIC OR SPORTS PARTICIPANTS EXCLUSION – FORM CG 21 01 11 85

34.    SECURA repeats and re-alleges the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.    The Insuring Agreement in the Commercial General Liability Coverage Form CG 0001 1001 in SECURA's Policies provides as follows:

**1.    Insuring Agreement**

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for bodily injury" or "property damage" to which this insurance does not apply.
   \*        \*        \*

36.    SECURA's Policy contains an endorsement titled "Exclusion – Athletic or Sports Participants" in form CG 21 01 11 85, which states as follows:

This endorsement modifies insurance provided under the following:
        COMMERCIAL GENERAL LIABILITY COVERAGE PART.

### SCHEDULE
**Description of Operations:**


(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement)

With respect to any operations shown in the Schedule, this insurance does not apply to "bodily injury" to any person while practicing in any sports or athletic contest or exhibition that you sponsor.

37.    DENISE MINNIS alleges that ALANNA BADER was injured on August 8, 2015 while she was student athlete participating in gymnastics and/or tumbling practice at CHATHAM's facility. (Exhibit A, ¶¶4,8; Exhibit B, ¶¶4,8).

7

38.    The endorsement titled "Exclusion – Athletic or Sports Participants" in form CG 21 01 11 85 applies to preclude coverage under SECURA's Policy for all of the claims asserted in the <u>Minnis/Bader</u> Lawsuit.

WHEREFORE, SECURA requests that this District Court enter an order declaring the following:

(1)    The endorsement titled "Exclusion – Athletic or Sports Participants" in form CG 21 01 11 85 applies to preclude coverage under SECURA's Policy for all of the claims asserted in the <u>Minnis/Bader</u> Lawsuit;

(2)    SECURA does not owe any duty to defend or indemnify any of the INSUREDS under SECURA's Policy for the claims asserted in the <u>Minnis/Bader</u> Lawsuit; and

(3)    And awarding any further relief that this District Court deems fit to provide under equity.

## COUNT II – DECLARATORY JUDGMENT
## NO COVERAGE DUE TO THE
## <u>SPORTS AND STUNTS EXCLUSION – FORM SGE 2108 1001</u>

39.    SECURA repeats and re-alleges the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.    SECURA's Policy contains an endorsement titled "Exclusion – Sports and Stunts" in form SGE 2108 1001, which states as follows:

This endorsement modifies insurance provided under the following:
BUSINESS UMBRELLA LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

With respect to coverage provided by this Endorsement, the provisions of the Coverage Form apply unless modified by the Endorsement.

PART III – EXCLUSIONS on the Business Umbrella Liability Form and SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions… are amended to add:

**Sports and Stunts**

This insurance does not apply to "bodily injury"… arising out of or using:
(1)     Balance Beam;
       *      *      *
(20)    Springboards or mini-trampolines used as springboards;
(21)    Trampolines 55 inches or larger in diameter;
       *      *      *

41.     DENISE MINNIS alleges in the Complaint that ALANNA BADER was injured on August 8, 2015 when she landed upside down as she "performed a double back tuck off of a double mini trampoline". (Exhibit A, ¶9-13, 17.d.). DENISE MINNIS alleges in the Amended Complaint that ALANNA BADER was injured on August 8, 2015 when she landed upside down as she "performed a double back tuck" without referencing the type of equipment used at the moment of the accident. (Exhibit B, ¶10-12, 17).

42.     ALANNA BADER used a double mini trampoline at the moment of her accident.

43.     The double mini trampoline that ALANNA BADER used during her accident is a trampoline that is precluded from coverage by subparagraph 20 and/or subparagraph 21 in the endorsement titled "Exclusion – Sports and Stunts" in form SGE 2108 1001.

44.     The endorsement titled "Exclusion – Sports and Stunts" in form SGE 2108 1001 applies to preclude coverage under SECURA's Policy for all of the claims asserted in the Minnis/Bader Lawsuit.

WHEREFORE, SECURA requests that this District Court enter an order declaring the following:

(1)     The endorsement titled "Exclusion – Sports and Stunts" in form SGE 2108 1001 applies to preclude coverage under SECURA's Policy for all of the claims asserted in the Minnis/Bader Lawsuit;

9

(2)    SECURA does not owe any duty to defend or indemnify any of the INSUREDS

under SECURA's Policy for the claims asserted in the <u>Minnis/Bader</u> Lawsuit; and

(3)    And awarding any further relief that this District Court deems fit to provide under

equity.

Respectfully submitted,

**STONE & JOHNSON, CHTD**

By:    \s\ *Dawn M. Gonzalez*
Attorneys for Petitioner,
SECURA Insurance Company, f/k/a
SECURA INSURANCE, a Mutual Company

Dawn M. Gonzalez, Esq.
STONE & JOHNSON, CHTD
111 West Washington, Suite 1800
Chicago, Illinois 60602
dgonzalez@stonejohnsonlaw.com
(312) 332-5656

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose and say that I caused to be served the foregoing above-mentioned document by electronically filing the same with the Clerk for the U.S. District Court for the Central District of Illinois, Springfield Division, a copy of which was then forwarded to each attorney of record by CM/ECF on March 29, 2023.